UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL UTAH,<br><br>      Plaintiff,<br><br>-against-<br><br>MTA COPERATION; MTA POLICE; ALL COMPANIES ASSOCIATED WITH MTA; ALL TRAIN ASSOCIATED WITH MTA; ALL HOSPITALS; MTA LIRR; ALL MENTAL HEALTH AGENCY; FIRE DEPARTMENT; MILITARY; MTA COOPERATION; ALL HOSPITALS; NYPD; LONG ISLAND RAIL ROAD,<br><br>      Defendants. | 1:19-CV-10671 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging civil rights violations. By order dated January 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reason set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's latest amended complaint describes events that allegedly occurred between January 1, 2016, and January 28, 2020, "all over [N]ew [Y]ork [C]ity [and] [L]ong [I]sland."[1] (ECF 9, at 5.) Plaintiff alleges the following:

> Humiliation, Illegal investigations, (Targeting and intimidation from Humans and Law enforcements age 18 and over).
>
> Seeing a person try and assault me with a weapon and not doing anything about it. Affecting Dating life, illegally monitoring me, ( use of children under the age of 18 to intimidate, degrade me and harass me and also degrade those children), used police reserves, police came on the same cab after i talked about a dirty action that involved the bethlehem, pa police. Affecting sex life. Affecting my friendships, Mental Anguish, Spreading Rumors, Allowing Weed smokers on the train but still targeting me. Allowing People to drink on the Train but still targeting me, Civil Right Violations every day, , False Claims on my life, Stealing Business Ideas, Making Me Angry and emotional and emotional trauma, Profiling me, Hidden racism or racial biased because of the females I liked and my ambitions and goals and because of the way i looked at the real facts of the world, Eye from Humans, Eye from Law enforcement on me, Law enforcement were called after i called the law enforcement Dirty, Law enforcement were called because they thought i was i

---

[1] Plaintiff filed three successive amended complaints without the Court's leave. Because Plaintiff is proceeding *pro se*, the Court understands Plaintiff's latest amended complaint to be the operative pleading. (ECF 9.)

2

was one with them or one of them, influencing new york city workers, I said i wanted the FBI USED TO INVESTIGATE THE POLICE AND arrest them. violating and not letting me have my free speech and for talking to people that were intimidating me and legally knowing there were eye and law enforcement on me and illegally monitoring me. STILL TARGETED ME. They Profiled me as Homeless and Stupid. They took money from my card illegally, causing pain and suffering all through those months, retaliation after filing a notice of claim, Chief of police of mta knew of the incidents that was going on with me. Chief of Employees Relations knew whats was going on with me and did nothing to correct her employees or fire her employees. Retaliation after filing the lawsuit in court.

Using spanish and black people to intimidate and harass me. When i was screaming and talking on the train i legally knew that the law enforcement , eye of law enforcement, family and friends were targeting me and doing illegal things to me plus because of pent up or tension due to wanting to use my genitals and not using it.

Door cab hit me and Cab door almost hit my head. All people knew i was in love and need a caucasian female in my life. Causing bad memories, causing emotional trauma on heart and body because of intimidation and targeting, harasement, and lack of legal moral procedure for me.

Also the MTA Coopertation and MTA affiliates knew of Spanish and black people sexually harrassing me and they were part of it. Caucasian and Asian did not sexually harrass me . . . .

knowing of brain technology and knowing noises came from my head when i was sleeping on the train. The law enforcement share information. Fraud because of taking money from me illegally and still its in the books as a real transaction.

Stealing business ideals illegally . MTA police and MTA cooperation and mta employees were connected to people through phone calls, emails and text messages to anyone that was classified as a human being and did illegal acts, intimidation, harrassement or did not want to talk to me or affected my dating/ sexual relationships . Employees more than one time knew and saw people threaten me and try and assault me and did nothing about me. One even brought out a weapon to hurt me and the person said their specialty is murder.

Helped the cause of not using my genitals. Affecting the chance at a real loving relationship anywhere mta was located . . . .

(*Id.* at 5-6.) (errors in original).

Plaintiff seeks $25 million in damages and injunctive relief.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's latest amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court has warned Plaintiff that if he continues to abuse the privilege of proceeding IFP in this Court, he will be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new civil actions in this Court IFP unless he receives prior permission. *See Utah v. TD Bank*, ECF 1:19-CV-10735, 5 (S.D.N.Y. Dec. 4, 2019). The Court reiterates that warning.

## CONCLUSION

The Clerk of Court is directed to note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 7.) This action is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court denies any pending motion as moot. (ECF 3.)

SO ORDERED.

Dated: January 29, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.